IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SHIRLEY LLOYD on behalf of herself
and all others similarly situated**                                              **PLAINTIFF**

**v.**                                                    **CIVIL NO. 1:19-cv-00351-HSO-RHWR**

**KEESLER FEDERAL CREDIT UNION**                              **DEFENDANT**

### ORDER DENYING DISCOVERY MOTION [44] AS UNTIMELY

BEFORE THE COURT is Plaintiff Shirley Lloyd's Motion to Compel Discovery Responses [44]. The Motion will be denied as untimely under Local Uniform Civil Rule 7(b)(2)(C).

Local Uniform Civil Rule 7(b)(2)(C) requires that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." L.U.Civ.R. 7(b)(2)(C). Local Rule 7(b)(4) provides fourteen days for a respondent to file a brief in response to a motion, and seven days for a movant to file a reply. L.U.Civ.R. 7(b)(4). Federal Rule of Civil Procedure 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b).

On November 1, 2019, the Court set a deadline of July 24, 2020, for class-certification-related discovery. That deadline was extended numerous times to the current deadline of October 15, 2021. Plaintiff had almost two years to engage in class-certification-related discovery yet filed her Motion to Compel Discovery four days prior to the discovery deadline.

Plaintiff acted at her own peril by not filing the Motion to Compel sufficiently in advance of the discovery deadline to allow responses, rulings by the Court, and time to effectuate the Court's order prior to the discovery deadline. This Court has stated:

> Obviously, problems can arise, and the Court should be reasonable in working with the attorneys where necessary. However, if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril. He must not expect the Court to extend discovery and/or the trial date because of the failures of the other party to respond, even if that failure is in bad faith.

*Wells v. Sears Roebuck & Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001).

### III. CONCLUSION

**IT IS, THEREFORE**, **ORDERED** that, Shirley Lloyd's Motion to Compel Discovery Responses [44] is **DENIED**.

**SO ORDERED**, this the 13th day of October, 2021.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE