IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHIRLEY LLOYD, *on behalf of herself and all others similarly situated* | § § § | PLAINTIFF |
| v. | § § § | Civil No. 1:19cv351-HSO-BWR |
| KEESLER FEDERAL CREDIT UNION | § § § | DEFENDANT |

*consolidated with*

| | | |
|---|---|---|
| VICTORIA MILLER, *on behalf of herself and all others similarly situated* | § § § | PLAINTIFF |
| v. | § § § | Civil No. 1:21cv326-HSO-BWR |
| KEESLER FEDERAL CREDIT UNION | § § § | DEFENDANT |

## FINAL APPROVAL ORDER

WHEREAS, Plaintiffs Shirley Lloyd and Victoria Miller (the "Class Representatives") and Defendant Keesler Federal Credit Union ("Defendant"), by their respective counsel, entered into the Class Action Settlement Agreement ("Settlement Agreement");

WHEREAS, the Class Representatives and Defendant applied pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) for an order preliminarily approving the proposed Settlement and preliminarily approving the form and plan of notice and distribution as set forth in the Settlement Agreement;

WHEREAS, this Court previously certified for settlement and notice purposes only the following class (the "Class"):

All members of Defendant who, while members of Defendant, have been charged an APPSN Fee or a Futile ODT Fee during the Class Period.[1]

Excluded from the Class are Defendant's current and former officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns. Also excluded are any judges who have presided over this matter and their immediate families and judicial staff.

WHEREAS, on February 9, 2022, the Court entered an order preliminarily approving the Settlement Agreement, approving the forms of notice of the Settlement Agreement to the members of the Settlement Class, directing that appropriate notice of the Settlement Agreement be given to Class Members, and scheduling a hearing on final approval (the "Preliminary Approval Order");

WHEREAS, in accordance with the Settlement Agreement and the Preliminary Approval Order: (1) the Settlement Administrator caused the Notice of Class Action Settlement to be emailed and/or mailed by United States First Class Mail to all known members of the Class; and (2) the affidavit of notice filed with this Court by Class Counsel demonstrates compliance with the Preliminary Approval Order with respect to the emailed and mailed notice and, further, that the best notice practicable under the circumstances was, in fact, given;

---

[1] APPSN Fee means an overdraft fee charged on a debit card transaction that was authorized into a positive balance and settled into a negative balance. Futile ODT Fee means an overdraft transfer fee that was charged on a transfer which did not prevent an overdraft fee from being assessed. The Class Period is defined in the Settlement Agreement as June 28, 2016, to December 1, 2021.

WHEREAS, Class Counsel filed with the Court a listing of the names of the members of the Settlement Class and the names of those persons who submitted valid requests for exclusion from the Class, which is attached hereto as **Exhibit 1**;

WHEREAS, on August 2, 2022 at 9:30 a.m., this Court held a hearing on whether the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class and whether to grant Class Counsel's Motion for attorneys' fees and costs (the "Final Approval Hearing"); and

WHEREAS, based upon the foregoing, having heard the statements of Class Counsel and Counsel for Defendant, and of such persons as chose to appear at the Final Approval Hearing; having considered all of the files, records and proceedings in the Lawsuit, the benefits to the Class under the Settlement and the risks, complexity, expense, and probable duration of further litigation; and being fully advised in the premises;

**THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Class Representatives and Defendant in this case (the "Parties").

3. The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4. The Class Representatives and Class Counsel fairly and adequately represent the interests of the Class in connection with the Settlement Agreement.

5. The individuals listed in **Exhibit 1** will not be bound by the Settlement or the Releases contained therein.

6. The Settlement Agreement is the product of good faith, arm's-length negotiations by the Class Representatives and Class Counsel, and Defendant and Defendant's Counsel, and the Class and Defendant were represented by capable and experienced counsel.

7. The form, content, and method of dissemination of the notice given to members of the Class—individuals emailed or mailed notice—were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and Due Process.

8. The Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Class and is approved in all respects. The Court hereby directs the Class Representatives, the Class, Class Counsel, Defendant, and Defendant's Counsel to effectuate the Settlement Agreement according to its terms.

9. The Court affirms the finding that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for purposes of the Settlement in that: (1) the number of Settlement Class Members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class members; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class members; (4) the Class Representatives are adequate representatives for the Settlement Class, and have

retained experienced counsel to represent them; (5) the questions of law and fact common to the Settlement Class members predominate over any questions affecting any individual Settlement Class member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

10. For purposes of the Settlement only, the Court finds and determines that pursuant to Federal Rule of Civil Procedure Rule 23(a)(1), Plaintiffs Shirley Lloyd and Victoria Miller will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action, and therefore re-affirms their appointment as the Class Representatives.

11. For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(g)(1), the Court re-affirms the following as Class Counsel to act on behalf of the Settlement Class and the Class Representatives with respect to the Settlement:

Christopher Weldy, Esq.
WELDY LAW FIRM, PLCC
1438 North State Street
Jackson, MS 39202

Jeffrey D. Kaliel, Esq.
Sophia G. Gold, Esq.
KALIELGOLD PLLC
1100 15th Street NW 4th Floor
Washington, DC 20005

The Court finds that based on the record evidence submitted to it, Class Counsel has done extensive work to identify and investigate the potential claims in this Action; Class Counsel has ample experience in handling class actions and complex actions such as this one; Class Counsel is knowledgeable of the applicable

5

law given their experience in other class actions raising the same claims as this one as well as the specific law of Mississippi; Class Counsel has and will commit the necessary resources in representing the class.

12. The Settlement Agreement provides for certain benefits to Class Members. The Court approves those benefits and approves the distribution plan for the Settlement Fund set forth in the Settlement Agreement, and the parties are authorized to implement that distribution after deductions for fees, expenses, and service awards as approved by the Court.

13. The Court shall have continuing jurisdiction over the Settlement Fund.

14. Upon the occurrence of the Effective Date of the Settlement Agreement, the Class Representatives and the Class Members release and forever discharge Defendant and its insurers, and including but not limited to their members, current and former officers, directors, employees, attorneys and agents (the "Released Parties") from all past and present known and unknown claims, demands, damages, causes of action or suits seeking damages, or other legal or equitable relief arising out of or in any way related to the claims asserted or which could have been asserted relating to (1) Futile ODT Fees; and (2) APPSN Fees that were charged during the Class Period.  Plaintiffs expressly waive and relinquish all rights and benefits they may have pursuant to Section 1542 of the California Civil Code and any similar law of any state or territory of the United States or any foreign tribunal. The release shall not extend to any claims by Class Members for bodily injury or under the Servicemembers Civil Relief Act.

15.     Subject to Class Representatives' compliance with closure of their Accounts under the Settlement Agreement, Defendant releases all claims of any kind or nature that have been or could have been asserted against the Class Representatives, any Class Member, or Class Counsel relating to the filing or prosecution of the Complaint.

16.     If, consistent with the plan of distribution set forth in the Settlement Agreement, any residual funds exist after the first distribution, the residue will go to Settlement Class Members by way of a secondary distribution, if economically feasible. Following the second distribution, or if no second distribution is required to be made, any remaining unclaimed settlement funds will be distributed to two *cy pres* recipients, one nominated by Class Counsel and one nominated by Defendant, agreed to by the Parties, their attorneys and approved by the Court.

17.     The Court finds that the attorneys' fees requested by Class Counsel, which represents one-third of the Settlement Fund, are fair and reasonable. Class Counsel is therefore awarded attorneys' fees in the amount of $1,000,000 and costs in the amount of $18,528.13, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

18.     The Class Representatives are awarded Service Awards totaling $12,500, such amount to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

19.     The Court will award funds to pay the Settlement Administrator for its services in the manner described in the Agreement.

20. The above-captioned lawsuit is hereby dismissed without assessment of costs or attorneys' fees against any party except as provided in the Settlement Agreement and Court order.

21. This Order is a final judgment because it disposes of all claims against all parties to this lawsuit. The Court retains jurisdiction over the Settlement Agreement, the parties to the Settlement Agreement, and all matters relating to the administration and enforcement of the Settlement Agreement.

22. Accordingly, the Unopposed Motion for Final Approval is **GRANTED**.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 2, 2022                *s/ Halil Suleyman Ozerden*
                                                          HALIL SULEYMAN OZERDEN
                                                          UNITED STATES DISTRICT JUDGE

**Exhibit 1: Exclusion List**
- Linda Bradley
- Thao Nguyen
- Yen Nguyen
- Simon Tran